134 F.3d 103
 1998 A.M.C. 964
 CONTINENTAL INSURANCE COMPANY, Corvette Cover
Underwriters-1993, Tugu Insurance Company, China Insurance
Company, Protector Forsikring AS, Oslo, Mitsui Marine and
Fire Insurance Co., Ltd. Tokyo, FAI General Insurance
Company Limited (Australia), New York Marine & General
Insurance Company, Homestead Insurance Company and Certain
Underwriters at Lloyd'S,
Plaintiffs-Counter-Defendants-Appellees-Cross-Appellants,
v.
LONE EAGLE SHIPPING LTD. (LIBERIA),
Defendant-Counterclaimant-Appellant-Cross-Appellee,
The Royal Bank of Scotland, PLC, Defendant-Counterclaimant.
 Nos. 445, 587, Docket 97-7261, 97-7320.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 8, 1998.
Decided Jan. 15, 1998.
 
 John A.V. Nicoletti, New York City (Thomas M. Rittweger, Samuel C. Coluzzi, Nicoletti Hornig & Sweeney, New York City, on the brief), for Plaintiffs-Counter-Defendants-Appellees-Cross-Appellants.
 Burlingham Underwood, New York City (Terry L. Stoltz, Barbara Gonzalez, New York City, of counsel), submitted a brief, for Defendant-Counterclaimant-Appellant-Cross-Appellee.
 Before: FEINBERG, KEARSE, and JACOBS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Lone Eagle Shipping Ltd. ("Lone Eagle") appeals from a judgment entered in the United States District Court for the Southern District of New York following a bench trial before Denise Cote, Judge, awarding plaintiffs Continental Insurance Co. et al. (collectively "Continental") reimbursement in the amount of $159,000 plus interest and costs, and declaring plaintiffs not liable on an insurance policy covering Lone Eagle's ship, the ALPHA STAR. On appeal, Lone Eagle contends that the district court erred in failing to find that the damage to its ship was caused by an insured peril of the sea. Continental has cross-appealed, arguing that, in the event we conclude that the ship was damaged by an insured peril of the sea, the judgment should nevertheless be affirmed on the ground that Lone Eagle breached various warranties. Finding no error, we affirm.
 
 
 2
 The district court's findings of fact after a bench trial may not be disturbed unless they are clearly erroneous. Fed.R.Civ.P. 52(a); see McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 7-8, 99 L.Ed. 20 (1954). Assessments of the credibility of the witnesses and the weight to be given to particular pieces of evidence are peculiarly within the province of the trier of fact and are entitled to considerable deference. See, e.g., Anderson v. Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511-12, 84 L.Ed.2d 518 (1985). Further, where there are two permissible views of the evidence, and competing inferences could be drawn, "the factfinder's choice between them cannot be clearly erroneous." Id. at 574, 105 S.Ct. at 1511; see United States v. Yellow Cab Co., 338 U.S. 338, 342, 70 S.Ct. 177, 179-80, 94 L.Ed. 150 (1949).
 
 
 3
 Here, the district court found that, although the ALPHA STAR had encountered perils of the sea in the form of heavy winds and high swells, those perils were not the proximate cause of the damage to the ship. The court's finding that the proximate cause of the damage was instead the ship's own poor condition was amply supported by the evidence as to, inter alia, extensive side-shell-plating wastage, corrosion and buckling of shell frames, and the presence of heavy rust scale on much of the ship's exposed steel, as well as evidence that the damage was confined largely to places where the ship's steel framing had not been recently renewed. We conclude that the district court's finding that perils of the sea were not the proximate cause of the damage to the ALPHA STAR was not clear error, and we affirm substantially for the reasons stated in Part II.A. of Judge Cote's Opinion dated January 16, 1997.
 
 
 4
 Given this disposition of the appeal, Continental's cross appeal is hereby dismissed as moot.
 
 
 5
 We have considered all of Lone Eagle's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.